UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ALVA JOSEPH,

    Plaintiff

  -vs-

DEPARTMENT OF JUSTICE, et. al.,

    Defendant

NO. 3:CV-05-1129

(Judge Kosik)

FILED
SCRANTON

JUN 2 4 2005

PER _____ /s/ _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff, Alva Joseph, a detainee of the Bureau of Immigration and Customs Enforcement, confined at the York County Prison, filed this civil rights action pursuant to 28 U.S.C. § 1331. Along with his complaint, plaintiff filed an application to proceed in forma pauperis.[1]

In his complaint, plaintiff alleges that he has been detained since February 3, 2003 and that a deportation Order was entered on March 4, 2003. Plaintiff does not challenge his Order of deportation in this action, but rather, he seeks punitive damages which he asserts resulted from his unlawful incarceration. Named as defendants in the action are the Department of Justice, Bureau of Immigration and Customs Enforcement; Alberto Gonzales, Attorney General of the United States; Thomas Ridge; John Ashcroft; District Director of Philadelphia; Thomas Hogan, Warden of York County Prison; D.P.O. C.J. Fohl and Michael Fearless.

---

[1] Plaintiff was mistakenly sent an Authorization form authorizing deduction of the $250.00 filing fee from his prisoner account. 28 U.S.C. § 1915 (b). An Administrative Order was entered on June 6, 2005. Since plaintiff is not a "prisoner" within the meaning of section 1915 (h), the court will vacate that Order and return any funds received from plaintiff toward the filing fee. We will also grant plaintiff's request for leave to proceed in forma pauperis.

While plaintiff names numerous defendants in this action, he fails to allege any personal involvement on behalf of any of the defendants. Accordingly, we will allow plaintiff leave to file an amended complaint. Plaintiff must be mindful of the personal-involvement requirement and allege each individual involved and describe what that person allegedly did in regard to his unlawful confinement claim. See Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988)).

Thus, plaintiff will be granted twenty days to submit an amended complaint. He is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Failure to file an appropriate amended complaint may result in the dismissal of some or all of the defendants.

6/24/05

Edwin M. Kosik
United States District Judge